IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-MJ-148 |
| | ) | |
| ABEL AMBROCIO, | ) | **UNDER SEAL** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Alix Skelton of the Federal Bureau of Investigation, being duly sworn

under oath, do hereby depose and state:

## INTRODUCTION

1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"), duly

appointed according to law and acting as such. I have been so employed by the FBI since 2011.

Currently, I am assigned to the Washington Field Office, where I am responsible for conducting

and assisting in investigations involving child pornography, the sexual exploitation of children,

and human trafficking. I have gained experience through training with the FBI and in my everyday

work related to conducting these types of investigations. During my career as an FBI agent, I have

(a) conducted physical and wire surveillance; (b) led and participated in the execution of search

warrants and arrest warrants for various crimes; (c) reviewed and analyzed numerous recorded

conversations and other documentation of criminal activity; (d) debriefed cooperating defendants

and confidential human sources; (e) monitored wiretapped conversations; and (f) conducted

physical surveillance of individuals engaged in various crimes. Moreover, I am a federal law

enforcement officer who is engaged in enforcing the criminal laws, including child pornography

offenses in violation of 18 U.S.C. §§ 2251 and 2252. As a Federal Agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

2.     I am submitting this affidavit in support of a criminal complaint and arrest warrant charging ABEL AMBROCIO ("AMBROCIO") with violating 18 U.S.C. § 2251(a) and (e), which prohibits the sexual exploitation of a minor for the purpose of producing child pornography, and 18 U.S.C. § 2252(a)(2) and (b)(1), which prohibits the distribution of child pornography. For the reasons set forth below, I submit that probable cause exists to believe that from approximately October 2018 to approximately February 2019, within the Eastern District of Virginia, AMBROCIO attempted to and did in fact violate 18 U.S.C. § 2251(a) and (e), and that in or about March 2019, within the Eastern District of Virginia, AMBROCIO attempted to and did in fact violate 18 U.S.C. § 2252(a)(2) and (b)(1).

3.     The statements contained in this affidavit are based on my experience and background as a criminal investigator, and on information provided to me by other members of the FBI and other law enforcement officers. I have personally participated in the investigation of the offenses set forth below and, as a result of my participation and my review of evidence gathered in the case, I am familiar with the facts and circumstances of this investigation. Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included every fact resulting from the investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that AMBROCIO, has committed the offense as further described herein.

## RELEVANT STATUTES

4.     *Title 18, U.S. Code, Section 2251(a) and (e) states, in relevant part, that:*

2

a.     Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

[…]

e.     Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years[.]

5.     *Title 18, U.S. Code, Section 2252* states that:

a.     Any person who—

[…]

1.     Knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has

been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—

> A.  The production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

> B.  Such visual depiction is of such conduct

shall be punished as provided in subsection (b) of this section.

[…]

b.

> 1.  Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

6.    *Title 18, U.S. Code, Section 2256(2)* states that:

4

      a.      Except as provided in subparagraph (b), "sexually explicit conduct" means actual or simulated—

      1.      sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

      2.      bestiality;

      3.      masturbation;

      4.      sadistic or masochistic abuse; or

      5.      lascivious exhibition of the genitals or pubic area of any person;

7.      *Title 18, U.S. Code, Section 2256(8)* states that "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

      a.      the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

[…]

      c.      such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

## STATEMENT OF PROBABLE CAUSE

8.      In June 2019, the Fairfax County Police Department ("FCPD") received a CyberTip from the National Center for Missing and Exploited Children ("NCMEC") advising that Facebook, Inc. had reported possible images of child pornography being sent between Facebook accounts.[1]

---

[1] Based on my training and experience and publicly available information, I know that NCMEC is a nonprofit, nongovernmental organization in Alexandria, Virginia that works with law enforcement on issues relating to missing and sexually exploited children. One of the services

Specifically, Facebook provided NCMEC with seven image files that were sent from one Facebook account ("UCC ACCOUNT 1") to another Facebook account ("UCC ACCOUNT 2") on March 18, 2019 and were believed to depict child pornography.[2]  The CyberTip provided identifiers unique to the accounts, the Internet Protocol ("IP") address from which the files were sent, and message content accompanying and surrounding the image files.

      9.     I have viewed the seven image files that Facebook reviewed and they depict an adult female engaged in oral-to-genital or oral-to-anal contact with a prepubescent male child who appears to be approximately three years old ("MINOR VICTIM 1").  The seven image files appear to have been taken in succession during the course of a single event.

      10.     A review of the records determined that each of the seven image files was distributed from UCC ACCOUNT 1 by an individual connected to the internet through the IP address 2600:8806:2100:7840:4174:df8b:ebfa:6e31 (the "SUBJECT IP"), which is owned by Cox Communications.  A subpoena was served on Cox Communications for subscriber information related to the SUBJECT IP at the times it was used to distribute the child pornography image files.  In response, Cox Cable identified the residence at 6490 Frenchmens Drive, Alexandria, Virginia as the service location for SUBJECT IP on the relevant date and times.

---

provided by NCMEC is its CyberTipline, which serves as the national clearinghouse for leads regarding sexual exploitation crimes against children.  In addition to voluntary reports made by the general public, U.S. internet service providers and other companies operating on the internet—like Facebook, for example—are required to report "apparent child pornography" to NCMEC via the CyberTipline if they become aware of such content on their servers.  *See* 18 U.S.C. § 2258A.

[2] Facebook provided a total of 76 image files related to this CyberTip to NCMEC, however only seven of these files were viewed by a Facebook employee and flagged as possible child pornography.  I am relying only on those seven images files that were viewed by a Facebook employee prior to being provided to NCMEC.

11.     Records provided by NCMEC as part of the CyberTip also included an IP address used to access UCC ACCOUNT 2.  Specifically, UCC ACCOUNT 2 was accessed from the IP address 170.83.119.125 on June 19, 2019.  This IP address is owned by *Columbus Networks de Honduras S. de R.L.*, a Honduran Internet Service Provider in Honduras, and geolocates to a subscriber in Honduras.  The publicly available information on UCC ACCOUNT 2's Facebook page also indicates that the user of this account is located in Manacalito, Cortes, Honduras.

12.     Upon receipt of the information from NCMEC, the FCPD requested a search warrant to search the contents of UCC ACCOUNT 1, including the account's subscriber information, message and media content, and IP access information.  On September 5, 2019, a magistrate judge in the Circuit Court for Fairfax County, Virginia authorized the requested warrant, which was then served on Facebook.

13.     In response to the search warrant, Facebook provided law enforcement with, among other things, information related to UCC ACCOUNT 1's communications with UCC ACCOUNT 2 referenced above.  In these communications, UCC ACCOUNT 1 sent multiple image files of the same adult female, many of which depict her in her underwear or nude, followed by the seven image files of this adult female engaging in sexual conduct with MINOR VICTIM 1.  There is a single textual message from UCC ACCOUNT 1 that immediately precedes the transmission of these seven image files.  The message, which is in Spanish, has been translated by a Spanish-speaking law enforcement officer to state "Look how she looks for men from her house asking for photos from her house a professional."  After transmitting these seven child pornography files, UCC ACCOUNT 1 sent additional images of the adult female in her underwear or nude.  The distribution of these files of child pornography from UCC ACCOUNT 1 to UCC ACCOUNT 2

7

occurred on or about March 18, 2019. There are no messages sent from UCC ACCOUNT 2 to UCC ACCOUNT 1.

14.     On or about September 12, 2019, officers and detectives with FCPD executed a search warrant authorized by a magistrate judge in the Circuit Court for Fairfax County Virginia to search the residence located at 6490 Frenchmens Drive, Alexandria, Virginia. No one was home during the execution of the warrant, but two adult men who reside at that address were interviewed the following day.

15.     The two residents both denied knowledge of UCC ACCOUNT 1 or of any child exploitation offenses. They both advised law enforcement, however, that their neighbor, who they identified as ABEL AMBROCIO, residing at 6492 Frenchmens Drive, Alexandria, Virginia, had the password to their internet account and used it to access the internet.

16.     Law enforcement located no evidence related to UCC ACCOUNT 1 or the online sexual abuse of children during a forensic review of electronic evidence seized during the execution of the search warrant at 6490 Frenchmens Drive, Alexandria, Virginia. The residents of 6490 Frenchmens Drive also consented to the search of their cell phones, which similarly located no evidence of UCC ACCOUNT 1 or other child exploitation offenses.

17.     On or about October 28, 2019, the FCPD conducted a "knock and talk" at 6492 Frenchmens Drive, Alexandria, Virginia. AMBROCIO answered the door, voluntarily admitted the FCPD detectives into the residence, and consented to be interviewed.

18.     During the voluntary interview, which was conducted in AMBROCIO's native language of Spanish by a Spanish-speaking FCPD detective, AMBROCIO admitted to using his neighbors' wifi password to access the internet and to accessing and using UCC ACCOUNT 1 on

8

his LG cell phone as well as an older cell phone, but denied sending the seven child pornography image files from the account.

19.     AMBROCIO advised detectives that the owner of UCC ACCOUNT 1 is a female who lives outside the United States (hereinafter "A.O.") with whom he has been chatting online for several years. AMBROCIO stated that they have never met in person but that she sends him pictures and videos of herself and two minors, including MINOR VICTIM 1. AMBROCIO also stated that A.O. had previously provided him with the login credentials for UCC ACCOUNT 1.

20.     AMBROCIO further advised detectives that he also utilized an additional Facebook account under the name "███████" to communicate with A.O. and others via Facebook. Specifically, he stated that he had received and viewed images of A.O. touching and kissing MINOR VICTIM 1's penis from that account.

21.     During this voluntary interview, AMBROCIO permitted detectives to look at his LG cell phone referenced above and a Facebook account under the name "████████████" with the unique ID ████████ was observed to have been accessed from that device. The phone was seized at that time, and on November 5, 2019, search warrants to search the device and records associated with the "████████████" Facebook account were authorized in Fairfax County Circuit Court.

22.     In response to this search warrant, Facebook provided records related to the "████ ████████" Facebook account, including message content. A review of this information uncovered communications from this account with another Facebook user ("UCC ACCOUNT 3") from March 14, 2018 to March 10, 2019 that are consistent with AMBROCIO's description of his communications with A.O. These messages are entirely in Spanish.

9

23.     During these chats, A.O. sends nude images of herself to AMBROCIO.  The images sent by the user of UCC ACCOUNT 3 appear to depict the same adult woman depicted in the images sent from UCC ACCOUNT 1 to UCC ACCOUNT 2, referenced above.   As the conversation continues, they discuss the sexual abuse of two minor children to whom A.O. has access.  Specifically, AMBROCIO requests that A.O. engage in specific sexual acts MINOR VICTIM 1 as well as an approximately eight-year-old female child ("MINOR VICTIM 2").  AMBROCIO further requests that A.O. record and send him images of that abuse occurring.

24.     For example, the following are portions of a conversation that occurred on or about November 12, 2018[3]:

| AMBROCIO | Put it all in |
| AMBROCIO | come on put it in |
| AMBROCIO | I want her to like it more and more |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| A.O. | She says she can't take anymore |
| A.O. | [sends a voice message] |
| AMBROCIO | She can stand it, use more vaseline |
| AMBROCIO | Do it |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| AMBROCIO | In the vagina too |
| A.O. | [sends a voice message] |
| AMBROCIO | it has to pass more, do you understand |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| AMBROCIO | Just like that, put it all inside of her |
| AMBROCIO | Do it |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| A.O. | She doesn't want to anymore |
| AMBROCIO | Do it okay |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| AMBROCIO | Come on more more |
| AMBROCIO | have her open that butt |
| AMBROCIO | Do it |

---

[3] All messages referenced herein were translated from Spanish to English by a Spanish-speaking law enforcement officer involved in the investigation and provided to me.

10

| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
|---|---|
| AMBROCIO | Do it like that babe |
| AMBROCIO | Tell her that if she wants you'd put it all in her vagina where she would prefer it |
| A.O. | She says not in the vagina and that it's really hurting her |
| AMBROCIO | Then she needs to let it go in through the back |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| AMBROCIO | Like that come on all of it |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| AMBROCIO | more babe |
| AMBROCIO | put her on her knees and hands and have her open up well |
| AMBROCIO | and put it inside of her |
| A.O. | She says no more, she is crying |
| AMBROCIO | Just one more |
| AMBROCIO | But put her how I told you to |
| A.O. | She said just how she is but only one more and no more |
| AMBROCIO | Okay but I want you to insert all of it okay all of it |
| AMBROCIO | Do you understand |
| A.O. | Only as much as she can take |
| AMBROCIO | I said all of it okay |
| AMBROCIO | What's going on |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with a plantain] |
| A.O. | [sends a voice message] |
| AMBROCIO | Okay tomorrow then okay |
| AMBROCIO | Now you my love |
| AMBROCIO | If you look at that last picture |
| AMBROCIO | But first I want to see how her anus ended up |
| A.O. | [sends an image of a close up of VICTIM 2's anus] |
| AMBROCIO | Okay |
| AMBROCIO | Kiss her and then put some vaseline on her |
| A.O. | Okay |
| AMBROCIO | And put it in her anus with your finger so the pain can start to go away |
| AMBROCIO | I want to see it when you put your entire finger insider of her anus okay |
| AMBROCIO | and tell her not to leave |
| A.O. | Done |
| AMBROCIO | Send me the picture |
| A.O. | [sends an image of herself penetrating VICTIM 2's anus with A.O.'s finger] |

25.     The following are portions of a conversation that occurred on or about November

14, 2018:

| AMBROCIO | Okay do what I asked you to do |
|----------|--------------------------------|
| AMBROCIO | Masturbate |
| A.O. | Okay |
| AMBROCIO | I want audio, real audio okay |
| A.O. | Okay |
| AMBROCIO | [sends a "thumbs up" sticker] |
| AMBROCIO | And with my kids too okay |
| AMBROCIO | Put it all in |
| AMBROCIO | And I don't want to hear anything about not wanting to okay |
| AMBROCIO | And send me whatever Antonio sends you okay |
| A.O. | Whenever he responds okay |
| AMBROCIO | [sends a "thumbs up" sticker] |
| A.O. | [sends an image of herself engaged in mouth to penis contact with VICTIM 1] |
| A.O. | [sends an image of herself engaged in mouth to penis contact with VICTIM 1] |
| A.O. | [sends an image of herself nude, straddling VICTIM 1 who is also nude, simulating sexual intercourse] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| A.O. | [sends a voice message] |
| AMBROCIO | [sends a "thumbs up" sticker] |
| AMBROCIO | Come on keep going |
| AMBROCIO | With the other stuff |
| A.O. | [sends an image of herself engaged in mouth to penis contact with VICTIM 1] |
| AMBROCIO | More do it |
| A.O. | [sends an image of herself engaged in mouth to penis contact with VICTIM 1] |
| AMBROCIO | Suck it |
| AMBROCIO | I want to see what you suck out of his penis in your mouth |

| A.O. | [sends an image of herself pressing her mouth against the open mouth of VICTIM 1] |
|---|---|
| AMBROCIO | Have him suck you |
| AMBROCIO | Come on |
| A.O. | [sends an image file of VICTIM 1 engaged in mouth to vagina contact with A.O.] |
| AMBROCIO | Open yourself up more |
| A.O. | Done |
| A.O. | [sends an image file of VICTIM 1 engaged in mouth to vagina contact with A.O.] |
| AMBROCIO | How |
| A.O. | [sends an image of herself and VICTIM 1 nude on a bed] |
| A.O. | Keep going with the other stuff okay |
| AMBROCIO | Put your finger inside of him |
| AMBROCIO | What's going on |
| A.O. | [sends an image of herself penetrating VICTIM 1's anus with her finger] |
| A.O. | [sends an image of herself penetrating VICTIM 1's anus with her finger] |
| AMBROCIO | All of it |
| AMBROCIO | All of it |
| AMBROCIO | Come on do it all |
| A.O. | [sends an image of herself penetrating VICTIM 1's anus with her finger] |
| A.O. | [sends an image of herself penetrating VICTIM 1's anus with her finger] |

26.    A review of the communications between AMBROCIO's Facebook account and UCC ACCOUNT 3 from March 2018 to March 2019 uncovered over 100 image files similar to the ones described above depicting MINOR VICTIM 1 and MINOR VICTIM 2 engaged in sexually explicit conduct, as well as similar conversations in which AMBROCIO instructed the user of UCC ACCOUNT 3 to send him images depicting their sexual abuse.

27.    Law enforcement also located messages between the "███████████████" account and a Facebook account under the name "████████████." In these messages, the user of the "█████████████" account sent the "█████████████" account image and video files depicting adult women, as well as images depicting the sexual abuse of MINOR VICTIM 1 and MINOR VICTIM 2 that the user of UCC ACCOUNT 3 sent to the "█████████████" account.

13

28.     On or about February 20, 2020, FCPD detectives again contacted AMBROCIO at his residence.  AMBROCIO again voluntarily agreed to speak with detectives, and a second voluntary interview was conducted in Spanish at his home.

29.     In this interview, AMBROCIO confirmed that he created and is the only person who has access to the "████████████" Facebook account.  When asked about specific messages he exchanged with UCC ACCOUNT 3, AMBROCIO confirmed that these conversations occurred between him and A.O., who he identified by name.

30.     When asked specifically about the conversations in which the user of the of the "████████████" account instructed the user of UCC ACCOUNT 3 to record and send images of her engaging in sexual acts with minors, AMBROCIO stated that he believed he was communicating with A.O. and that he believed the images depicted A.O. and two minors.  AMBROCIO also confirmed that he had in fact received and viewed the child pornography files that A.O. sent him over Facebook.

31.     AMBROCIO advised detectives that he and A.O. were in an "online relationship," although they had never met, and that the conversations occurred because of this relationship.  When A.O. stated she was engaging in sexual contact with her children, he did not believe her and asked her to take and send images to prove it because he "wanted to see if it was true."  AMBROCIO further stated that the conversations had "escalated" "because of the relationship."

32.     AMBROCIO also advised detectives that he utilized additional Facebook accounts, including the account under the name "████████," which he stated he kept as a "backup account" for the storage of pictures and videos.  AMBROCIO first stated he had sent files to the "████████" account depicting sexually explicit images of MINOR VICTIM 2 but later stated he had only transferred images of A.O. to the "████████" account.

14

## CONCLUSION

33.     Based on the foregoing, and on my training, experience and participation in this and other investigations, I submit there is probable cause to believe that ABEL AMBROCIO, attempted to and did in fact violate 18 U.S.C. § 2251(a) and (e), which prohibits the sexual exploitation of a minor for the purpose of producing child pornography, and 18 U.S.C. § 2252(a)(2) and (b)(1), which prohibits the distribution of child pornography. I therefore respectfully request that a criminal complaint and arrest warrant be issued for AMBROCIO.

Respectfully submitted,

Alix Skelton, Special Agent
Federal Bureau of Investigation

Sworn and subscribed to by telephone
this 18th day of May, 2020.

John F. Anderson   Digitally signed by John F.
Anderson
Date: 2020.05.18 10:33:39 -04'00'

The Honorable John F. Anderson
United States Magistrate Judge

15